**[J-29-2017] [MO: Wecht, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

JOSEPH B. SCARNATI, SENATOR AND PRESIDENT PRO TEMPORE OF THE SENATE OF PENNSYLVANIA; JAKE CORMAN, SENATOR AND MAJORITY LEADER OF THE SENATE OF PENNSYLVANIA; JAY COSTA, SENATOR AND MINORITY LEADER OF THE SENATE OF PENNSYLVANIA,

        Appellants

        v.

TOM WOLF, GOVERNOR OF PENNSYLVANIA; RANDY ALBRIGHT, SECRETARY OF THE BUDGET; TIMOTHY A. REESE, STATE TREASURER OF PENNSYLVANIA; DENNIS M. DAVIN, SECRETARY OF COMMUNITY AND ECONOMIC DEVELOPMENT; CINDY ADAMS DUNN, SECRETARY OF CONSERVATION AND NATURAL RESOURCES; JOHN H. QUIGLEY, SECRETARY OF ENVIRONMENTAL PROTECTION; CURTIS M. TOPPER, SECRETARY OF GENERAL SERVICES; KATHY MANDERINO, SECRETARY OF LABOR & INDUSTRY; MAJOR GENERAL JAMES R. JOSEPH, ADJUTANT GENERAL OF PENNSYLVANIA; JOSH SHAPIRO, CHAIRMAN OF THE PENNSYLVANIA COMMISSION ON CRIME AND DELINQUENCY,

        Appellees

: No. 3 MAP 2016
:
: Appeal from the Order of the
: Commonwealth Court at No. 579 MD
: 2014, dated December 30, 2015
: (finalized on January 29, 2016)
:
: ARGUED: May 9, 2017

## CONCURRING OPINION

**JUSTICE DONOHUE**                                    **DECIDED:  November 22, 2017**

I join in the Majority's holding that the General Assembly was adjourned during the relevant time period for purposes of Article IV, Section 15 of the Pennsylvania Constitution.  I further join the Majority's holding that Governor Corbett's July 10, 2014 press release publicly announcing his partial veto of the Fiscal Code Amendments and General Appropriation Act of 2014 failed to satisfy the "public proclamation" requirement in Article IV, Section 15 of the Pennsylvania Constitution, as it did not include the constitutionally mandated language that he had filed the bill and his objections in the office of the Secretary of the Commonwealth.  To the extent that the Majority contends that the press release was constitutionally infirm in any other respect, I respectfully disagree.

When the General Assembly is adjourned, the procedure under Article IV, Section 15 for the governor to veto a bill requires two acts:  (1) the Governor must file the bill, with his objections, in the office of the Secretary of the Commonwealth, and (2) he must give public notice of this filing "by public proclamation" within thirty days after the adjournment.  As indicated, Governor Corbett's July 10, 2014 press release failed the second requirement because it did not notify the public of his filing of the bill with his objections in the office of the Secretary of the Commonwealth.  This issue should be decided on these narrow grounds, and I would begin and end the legal analysis by acknowledging this particular constitutional shortcoming.

The Majority, however, does not end its legal analysis at this point, insisting that the press release also lacked any "hallmarks of formality."  Majority Op. at 45.  These

"hallmarks of formality," however, remain entirely undefined. The Majority alludes to some "hallmarks" that are not mandatory. The proclamation need not bear any particular title or designation. *Id.* at 45 & n.21. It need not be signed by the governor or be issued under the seal of the Commonwealth. *Id.* It may include political advocacy. It does not have to appear in the Pennsylvania Bulletin and may be made public by posting it online, publishing it in a newspaper, or by any "reasonable means designed to effectuate public notice." *Id.* at 45. The Majority readily admits that Governor Corbett's July 10, 2014 press release "achieved the objectives of public dissemination." *Id.*

Nevertheless, the Majority declares, without explanation, that the press release "lacked the formality required to make the public aware that the announcement had legal and constitutional significance." *Id.* In my view, the **only** reason the press release at issue here did not inform the public of its "legal and constitutional significance" is because the press release did not announce that the Governor had performed the constitutional action necessary to effectuate an adjournment veto - that he filed the Fiscal Code Amendments and General Appropriation Act of 2014, with his objections, in the office of the Secretary of the Commonwealth.

The Majority, however, ostensibly demands some further indicia of "formality," as the July 10 press release was "simply a press release" and "not a proclamation." *Id.* Unfortunately, the Majority makes no attempt to differentiate (as a matter of Pennsylvania constitutional law or otherwise) between a press release and a proclamation. Although the Majority might know an acceptably formal notice when it sees it, absent any specificity, one may rightly ask how the current and future governors could possibly know whether they have incorporated the "hallmarks of formality" into

their public proclamations of adjournment vetoes under Article IV, Section 15 to satisfy the Majority that they have adequately conveyed the "legal and constitutional significance" of their actions.

In my view, the Majority says too much. Having identified a specific constitutional infirmity in the July 10, 2014 press release, the discussion should end there. Because it does not, and for the reasons set forth herein, I cannot agree with the Majority's decision to engraft any further nebulous and undefined notions of "formality" onto Article IV, Section 15, which are neither expressed nor implied by the language of that provision. Accordingly, I cannot join this portion of the Majority's opinion.